UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAUREN BUTTAZZONI,

       Plaintiff,

v.

       Case No. 13-CV-14901

NATIONSTAR, ORLANS & ASSOCIATES, and FEDERAL NATIONAL MORTGAGE ASSOCIATION,

       HON. GEORGE CARAM STEEH

       Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (DOC. ## 5, 6)

### INTRODUCTION

This case stems from the foreclosure of plaintiff Lauren Buttazzoni's home in Bloomfield Township, Michigan. In her complaint, removed from state court, plaintiff challenges that foreclosure and makes a variety of additional claims under state law. Presently before the court are defendants' motions to dismiss.[1] Because the court finds that defendants are entitled to dismissal of the complaint, the motion is granted.

### BACKGROUND

The property involved in this case is located at 4530 Cherokee Lane, Bloomfield Hills, Michigan. In March 2004, plaintiff executed a promissory note in the amount of $216,000 and a mortgage on the property. The promissory note was payable to

---

[1]The court finds that oral argument would not assist it in its determination of the motion and orders that the motion is submitted on the briefs, in accordance with E.D. LR 7.1(f)(2).

Mortgageit, Inc., and the mortgage was executed in favor of Mortgage Electronic Registration Systems as nominee for the lender. The mortgage was subsequently assigned to Aurora Loan Services, LLC.

According to plaintiff's complaint, after defaulting on the loan in 2009, she attempted to negotiate a short sale with Aurora in August of 2009. She asserts the short sale "never closed due to Aurora's inability to finalize said short sale," following which a foreclosure sale was conducted by defendant Orlans & Associates in October 2009. Plaintiff's Resp. Brf. at 1. During the redemption period, plaintiff asserts she "again negotiated an acceptable short sale" that did not close because Aurora did not present it to defendant Fannie Mae for approval. Id.

Plaintiff describes how after the expiration of the redemption period, Fannie Mae took possession of the property, and listed it for sale in 2011. Plaintiff asserts that at the time Fannie Mae took possession, the property was in "perfect, habitable condition." Id. She alleges that during the period of Fannie Mae's possession, Fannie Mae converted the house's heating system from an oil system to a gas furnace. Apparently the Sheriff's Deed from the October 2009 foreclosure sale was later expunged in June 2012, following which the ownership of the property was returned to plaintiff, subject to the Aurora mortgage. The mortgage was subsequently assigned from Aurora to defendant Nationstar.

Plaintiff alleges that after she was once again the owner of the property, she had 100 gallons of heating oil delivered to the property, which leaked out of the underground reservoir which "must have been cut when the boiler was removed." Id. She also asserts that the gas furnace was inoperable after its installation, as it was not installed to code, and resulted in frozen and burst pipes. She alleges this sequence of events caused an

environmental hazard and significantly damaged the property.

A second foreclosure proceeding then began in March, 2013, during which plaintiff alleges that she was not notified of her rights under Mich. Comp. Laws Ann. § 600.3205, and that her "credit was then damaged a second time through no fault of her own." Id. at 2. The property was sold at a Sheriff's Sale on May 28, 2013, and the redemption period has since expired. Plaintiff filed this lawsuit in October, 2013, in Michigan state court, alleging improper foreclosure by defendants (Counts I and III); Intentional Infliction of Emotional Distress (Count II); Slander of Title (Counts IV and V); Slander of Credit (Count VI); and a claim under the Fair Credit Reporting Act (Count VIII). Defendants removed the suit on the basis of both diversity and federal question, asserting that defendant Orlans & Associates, a Michigan entity, was fraudulently joined.[2]

Defendants have moved to dismiss plaintiff's complaint. In the motion filed by defendants Nationstar Mortgage LLC and Federal National Mortgage Association, they assert that plaintiff has failed to state a claim to void the subject foreclosure or as to any of the remaining counts. Defendant Orlans Associates, P.C. also filed a motion to dismiss, to which plaintiff did not respond. The court's determinations on these motions is set forth below.

STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual

---

[2] The court has not addressed the issue of fraudulent joinder in this case. The court notes that Count VIII alleges a violation of the Fair Credit Reporting Act, a federal cause of action.

allegations as true, and determine whether the allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Although the complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level[.]" Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Twombly, 550 U.S. at 555). The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009).

## ANALYSIS

Defendants Nationstar and Federal National Mortgage Association address each of plaintiff's claims in their motion to dismiss. However, plaintiff's response brief only addresses the claims relating to the validity of the foreclosure proceeding (Counts I and III of the complaint) and her claim of waste (Count VII). Plaintiff filed no response at all to defendant Orlans & Associates' motion to dismiss.[3]

---

[3]The court is in agreement with Nationstar and Federal National Mortgage Association's arguments that plaintiff's allegations simply do not include any information which might constitute a plausible claim for intentional infliction of emotional distress, slander of title or credit, or a violation of the Fair Credit Reporting Act. Therefore, Counts II, IV, V, VI, and VIII are dismissed as to all defendants. Many of these arguments are reiterated by defendant Orlans & Associates, to the extent that those counts contain claims against Orlans. Moreover, the court is in agreement with Orlans's primary argument for dismissal, that plaintiff cannot maintain a cause of action against Orlans in its capacity as the bank's foreclosure counsel. See, e.g., Billy v. Orlans & Associates, P.C., et al., 2012 WL 5301349 at *2 (E.D. Mich. 2012) (internal citations omitted).

Counts I and III of plaintiff's complaint are entitled "Setting Aside the Foreclosure Sale" and "Breach of MCL 600.3205c," respectively. In Count I, plaintiff alleges that defendants Nationstar and Fannie Mae wrongfully foreclosed on the property, as it "had already been foreclosed upon and the foreclosure was subsequently expunged." Complaint at ¶ 31. Plaintiff also alleges in that count that the "alleged amount due in the second foreclosure was wrong" and that these "irregularities" constitute "grounds to set aside the foreclosure." Id. at ¶¶ 32-33.

In Count III, plaintiff simply sets forth certain provisions of Mich. Comp. Laws Ann. § 600.3205(c), and asserts that this statute provides "an extra 90 days for [homeowners] to work with their lender on modifying their mortgage loan." Id. at ¶ 41. Plaintiff suggests in the allegations that follow that homeowners who "commit to work with their lender on modifying their mortgage loan" may avoid foreclosure if said homeowners simply "abide[] by the new agreement." Id. Plaintiff concludes Count III with the allegation that defendants have failed to comply with the statute "in that the Defendants have failed to modify Plaintiff's mortgage." Id. at ¶ 42.

In their motion, defendants Nationstar and Federal National Mortgage Association argue that in order to survive their motion, plaintiff had to allege both fraud or irregularity related to the foreclosure process, citing Conlin v. Mortg. Elec. Registration Sys., Inc., 714 F.3d 355, 359 (6th Cir. 2013) (citing Overton v. Mortg. Elec. Registration Sys., No. 284950, 2009 WL 1507342 at *1 (Mich. Ct. App. May 28, 2009)), and that she suffered prejudice as a result of the defect. See Kim v. JPMorgan Chase Bank, N.A., 493 Mich. 98, 115-16 (2012). It appears that plaintiff is basing her claim on the expunged 2009 Sheriff's Deed (i.e. that a foreclosure following the expungement

was an irregularity requiring voiding the second foreclosure) and her allegation that defendants did not modify her mortgage pursuant to Michigan statute.

As defendants argue, the expungement of the first Sheriff's Deed has no bearing on the propriety of the second foreclosure. Plaintiff has not included even one allegation concerning how the expungement affected the second foreclosure process. Concerning the alleged violation of Mich. Comp. Laws Ann. § 600.3205, plaintiff contends for the first time in her response brief that defendants improperly failed to deliver her notice under 3205a, whereas the complaint only invokes 3205c. Nevertheless, this claim cannot survive the motions to dismiss. For example, plaintiff does not allege that she initiated a meeting with a housing counselor under Mich. Comp. Laws Ann. § 600.3205b(1), a prerequisite to further involvement in the loan modification process. Further, as all defendants argue, the exclusive remedy for a violation of this statute is conversion from a foreclosure by advertisement to a judicial foreclosure. See Smith v. Bank of Am. Corp., 485 F. App'x 749, 756 (6th Cir. 2012); Starkey v. U.S. Bank Nat. Ass'n, 2014 WL 117417 at *5 (E.D. Mich. Jan. 13, 2014) (holding that the plaintiff in that case could not "plausibly maintain a claim for relief under the loan modification statute" where he did not exercise statutory rights prior to foreclosure by advertisement).

Finally, plaintiff has not alleged that she was prejudiced by defendants' alleged failure to comply with the Michigan statute. She does not allege that she would have been better positioned to preserve her interest in the property had she received the notice. In fact, she alleges in the complaint that she contacted an attorney in an attempt to negotiate a short sale or redemption, and tried again to negotiate a loan

modification, but was unsuccessful.  See Complaint, ¶¶ 27-28.  Plaintiff has thus alleged that she did enter into at least limited loan modification negotiations with defendants, but that they did not work out.  Invoking the Michigan statutory provisions in making her allegations does not change the plain fact that the lender decided against modifying plaintiff's mortgage.  The statute does not *require* a lender to enter into a modification of a borrower's loan.  See Brown v. Wachovia Mortg., No. 307344, 2013 WL 6083906 (Mich. Ct. App., Nov. 19, 2013).  The plaintiff's challenge to the foreclosure under Mich. Comp. Laws Ann. §§ 600.3205a-c is thus unavailing.

Because the court has determined that plaintiff's claims concerning the foreclosure itself lack merit, there is no need to address her assertion that defendant Federal National Mortgage Association is liable for waste.  The basis for this claim is, apparently, the change in heating system from an oil boiler to a gas furnace, which occurred when Federal National Mortgage Association was the fee simple owner of the property.  This is not the situation of a "guardian, tenant in dower, life tenant, or tenant for years," committing waste "without having a lawful license to do so."  See Mich. Comp. Laws Ann. § 600.2919 (2)(a).  This claim likewise has no merit.

## CONCLUSION

Accordingly, defendants' motions to dismiss are hereby **GRANTED**.  The complaint is dismissed in its entirety and judgment will enter for defendants.

**IT IS SO ORDERED**.

Dated:  March 14, 2014

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 14, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk